IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-10436
Summary Calendar
_____

GEORGE VERNON CHILES,

Plaintiff-Appellant,

versus

THOMAS WINDHAM; CITY OF FORT WORTH,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Texas
(4:95-CV-374-Y)

_____

November 24, 1999

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

George Vernon Chiles brought suit under 42 U.S.C. § 1983, claiming an unconstitutional stop, search and seizure of his property. Chiles appeals the district court's grant of summary judgment for the defendants, the City of Fort Worth and its police chief.

The district court held that Chiles had suffered no constitutional violation from the actions of the police officers. After a careful review of the record and briefs, we affirm the

_____

[*]Pursuant to Fifth Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

judgment on the grounds that Chiles presents no issue of material fact supporting liability against the specific defendants.  This court may affirm summary judgment on grounds other than those relied upon by the district court.  <u>See</u> <u>Yeager v. City of McGregor</u>, 980 F.2d 337, 339 (5th Cir. 1993).

Chiles does not articulate any role of the police chief which would support liability, and he fails to identify the policy of the Fort Worth police department from which the alleged violations resulted.  Given that the officers involved in the incident are not defendants, we need not decide whether they violated Chiles' constitutional rights.

AFFIRMED.